```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/9/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M & M PACKAGING, INC.,

            Plaintiff,

          -against-

VINCENT MINEO, JESSICA MINEO, KAREN MINEO, MICHAEL MINEO, NICHOLAS MINEO and JOHN DOES 1–25,

            Defendants.

1:24-cv-05739-MKV

**ORDER**

**MARY KAY VYSKOCIL, United States District Judge:**

    On July 30, 2024, Plaintiff commenced this action by filing a Complaint. [ECF No. 1]. On the same day, Plaintiff filed a motion for a temporary restraining order and a preliminary injunction (the "Motion"). [ECF No. 9]. To date, neither the Complaint nor the Motion has been served on Defendants.

    This Court's Individual Rules require that "[a] party must confer with his or her adversary before making an application for a temporary restraining order unless the requirements of Fed. R. Civ. P. 65(b) are met," "so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief." *See* Individual Rule 6.B. A party seeking such relief is further required to "call Chambers . . . and state clearly whether (i) he or she has notified the adversary, and whether the adversary consents to temporary injunctive relief; or (ii) the requirements of Fed. R. Civ. P. 65(b) are satisfied and no notice is necessary." *Id.* Plaintiff did not comply with this Individual Rule, and its Motion does not demonstrate an entitlement to the extraordinary relief of an *ex parte* temporary restraining order pursuant to Rule 65(b), which requires that "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b); *see Rodo Inc. v. Guimaraes*, No. 22-CV-9736 (VSB), 2023 WL 2734464, at *1 (S.D.N.Y. Mar. 30, 2023).

Accordingly, IT IS HEREBY ORDERED that the Court DECLINES to enter an *ex parte* temporary restraining order and does not otherwise rule on Plaintiffs' Motion at this time.

IT IS FURTHER ORDERED that the Court will set a briefing schedule on Plaintiff's Motion, to the extent it seeks a preliminary injunction, upon Plaintiff's service of the Complaint and the Motion upon Defendants and Defendants' appearance in this action. After receiving and reviewing the parties' full briefing on the Motion, the Court will determine whether a hearing is appropriate or necessary.

**Failure to comply with this Court's Orders and/or deadlines, Individual Rules of Practice, or Local Rules may result in sanctions, including monetary penalties, preclusion of information not provided, or preclusion and/or dismissal of claims or defenses.**

**SO ORDERED.**

Date:  **August 9, 2024**            *Mary Kay Vyskocil*
       **New York, NY**              **MARY KAY VYSKOCIL**
                                     **United States District Judge**

2